**NOT FOR PUBLICATION**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| MALIBU MEDIA, LLC,<br><br>                                          Plaintiff,<br><br>v.<br><br><br>JOHN DOE subscriber assigned IP address 173.70.50.3,<br>                                          Defendant. | Civil Action No. 19-5693 (CCC)<br><br><br><br><br>**ORDER** |

      This is an action for copyright infringement. Plaintiff seeks leave to conduct expedited discovery in order to ascertain the identity of John Doe subscriber assigned IP address 173.70.50.3. Presently before the Court is Plaintiff's motion for leave to serve a third-party subpoena prior to a Federal Rule of Civil Procedure 26(f) conference. [CM/ECF No. 3.] Because Defendant has not yet been served, the motion is unopposed. No argument was held. Fed. R. Civ. P. 78(b). Based upon the following, the motion is **granted**.

1.     Plaintiff, a California limited liability company, is the owner of several federally registered, copyrighted movies (the "Works"). (Compl. ¶¶ 3, 8, Ex. B.) On February 14, 2019, Plaintiff filed a complaint against Defendant known only by his Internet Protocol ("IP") address 173.70.50.3,[1] asserting claims for infringement in violation of 17 U.S.C. §§ 106, 501 and 504. Plaintiff alleges that through the use of BitTorrent, a common peer-to-peer file sharing protocol used for distributing large amounts of data through the internet,[2] Defendant copied and

---

[1] Plaintiff retained a forensic investigation company to identify the IP address associated with Defendant. (Declaration of Tobias Fieser ("Fieser Dec.") at ¶¶ 5-10.)

[2] According to Plaintiff, the BitTorrent protocol "breaks a file into many small pieces. Users then exchange these small pieces among each other instead of attempting to distribute a

      distributed the Works without Plaintiff's authorization.  (Compl.¶¶ 31-32.)

2. According to the Plaintiff, Defendant acted under the guise of his IP while committing acts of infringement on the internet. Plaintiff maintains that it cannot establish Defendant's true identity without obtaining information from Defendant's Internet Service Provider ("ISP"), which can link the IP address to a person or entity. (Plaintiff's Brief ("Pl.'s Br.") 1-2.) By way of this motion, Plaintiff seeks an order permitting it to serve a subpoena upon Defendant's ISP[3] in order to obtain the name and address of the Defendant. Plaintiff argues that without this information, Plaintiff will not be able to serve the complaint and proceed with the case.  (Id. at 2.)

3. Federal Rule of Civil Procedure 26(d)(1) provides that "[a] party may not seek discovery from any source before the parties have conferred as required by Rule 26(f)." Fed.R.Civ.P. 26(d)(1). The Court, however, may grant leave to conduct discovery prior to a conference. See id. In ruling on a motion for expedited discovery, the Court should consider "the entirety of the record to date and the reasonableness of the request in light of all of the surrounding circumstances...." Better Packages, Inc. v. Zheng, No. 05-4477, 2006 WL 1373055, *2 (D.N.J. May 17, 2006) (quoting Merrill Lynch, Pierce Fenner & Smith, Inc. v. O'Connor, 194 F.R.D. 618, 624 (N.D. Ill. 2000)). Courts faced with motions for leave to serve expedited discovery requests to ascertain the identity of John Doe defendants in internet copyright infringement cases often apply the "good cause" test. See Arista Records LLC v. Does 1-4, 589 F. Supp. 2d 151, 152 (D. Conn. 2008); In re Bittorrent Adult Film Copyright Infringement Cases, No. 11-3995, 2012 WL 1570765 (E.D.N.Y. May 1, 2012) (granting limited early discovery regarding a John Doe defendant); Pacific Century International, Ltd. V. Does 1-101, No. 11-2533, 2011 WL 5117424, *2 (N.D. Cal. Oct. 27, 2011) (finding plaintiff had not shown good cause to obtain expedited discovery). Good cause exists where "the need for expedited discovery, in consideration of the administration of justice, outweighs the prejudice to the responding party." Am. Legalnet, Inc. v. Davis, 673 F. Supp. 2d 1063, 1066 (C.D.Cal. 2009); accord Semitool, Inc. v. Tokyo Electron Am., Inc., 208 F.R.D. 273, 275 (N.D.Cal. 2002).

---

much larger digital file." (Compl.¶ 13.) Each piece of a BitTorrent file is assigned a unique cryptographic hash value which the BitTorrent client software uses to coordinate the exchange of pieces between users who are sharing the larger file in question. (Id. ¶¶ 15-16.) Once the user receives all of the pieces of a digital media file, the user's "BitTorrent client software reassembles the pieces so that the file may be opened and utilized."  (Id. ¶ 14.)

    [3]The Complaint identifies the file hashes for the IP address of John Doe, and the date of each alleged act of copyright infringement.  (See Compl., Ex. A.)

4. Courts have commonly applied the "good cause" standard to permit limited, early discovery under nearly identical circumstances. For example, in <u>Malibu Media, LLC. v. John Does 1-11</u>, No. 12-7615, 2013 U.S. Dist. LEXIS 26217 (D.N.J. Feb. 26, 2013), the plaintiff sought leave to serve a subpoena demanding that the ISP in question reveal the John Doe defendants' names, addresses, telephone numbers, e-mail addresses and Media Access Control addresses. <u>Id.</u> at *3-4. The Court granted the plaintiff's request for early discovery, but only permitted the plaintiff to obtain the information absolutely necessary to allow it to continue prosecuting its claims: the defendant's name and address. <u>Id.</u> at * 3. The Court imposed that limitation due to the fact that the person whose information was on file with the ISP might not be the same person who engaged in the allegedly infringing activity (<u>i.e.</u>, others, including persons outside of the household, may have been responsible), and because more expansive discovery could impose an undue burden on such innocent individuals. <u>Id.</u> at *9-11 (citing <u>Third Degree Films, Inc. v. John Does 1-110</u>, No. 2:12-cv-5817, 2013 U.S. Dist. LEXIS 27273 (D.N.J. Jan. 17, 2013)). Other courts in this District have reached the same conclusion and have imposed similar limitations. <u>See, e.g.</u>, <u>Malibu Media, LLC v. Doe</u>, No. 13-4660 (JAP) (DEA), slip op. (ECF No. 5) at 2 (D.N.J. Aug. 19, 2013) (limiting the scope of a pre-Rule 26(f) conference subpoena to a subscriber's name and address); <u>Voltage Pictures v. Doe</u>, No. 12-6885 (RMB) (JS), 2013 U.S. Dist. LEXIS 155356, *9-10 (D.N.J. May 31, 2013) (granting leave to serve subpoena requesting <u>only</u> the name, address and media control address associated with a particular IP address); <u>Malibu Media, LLC v. John Does 1-18</u>, No. 12-7643 (NLH) (AMD), 2013 U.S. Dist. LEXIS 155911, *9-10 (D.N.J. Mar. 22, 2013) (restricting the scope of a pre-Rule 26(f) conference subpoena by not permitting discovery of the internet subscriber's telephone number or e-mail addresses).

5. Here, the Court finds good cause to permit limited discovery prior to the Rule 26(f) conference. Without information from the ISP, Plaintiff likely will be unable to amend its Complaint to name the appropriate defendant and prosecute the alleged copyright violations at issue in this matter. Moreover, while the Court recognizes that the subscriber whose information is on file with the ISP may not be personally responsible for the alleged infringement, he or she may have information that assists in identifying the infringer. The subscriber's identity is therefore relevant and discoverable under the broad scope of Rule 26. <u>See</u> <u>Malibu Media, LLC v. Does</u>, No. 12-07789 (KM) (MCA) 2013 U.S. Dist. LEXIS 183958, *24 (D.N.J. Dec. 18, 2013) ("The Court notes that it is possible that the Internet subscriber did not download the infringing material. It is also possible, however, that the subscriber either knows, or has additional information which could lead to the identification of the alleged infringer. Accordingly, the Court finds that the information sought by the subpoena is relevant.").

6.  While the Court finds that some early discovery is necessary to assist Plaintiff in identifying the individuals who are allegedly infringing its copyrights, the Court remains cognizant of the impact that the disclosure of the information sought might have on an innocent subscriber. Malibu Media, 2013 U.S. Dist. LEXIS 26217 at *10. Moreover, disclosure of the information sought by Plaintiff will not necessarily reveal the infringer's identity; it would only provide information regarding the ISP subscriber. Plaintiff would then have to determine whether that particular subscriber illegally distributed the copyrighted work. See Pac. Century Int'l Ltd. v. Does, C-11-02533 DMR, 2011 WL 5117424 (N.D. Cal. Oct. 27, 2011). In other words, Plaintiff will have to go beyond the limited discovery that it contends will reveal Defendant's identity. Id. The burdens associated with the potentially expansive and intrusive discovery that Plaintiff may need to propound in order to obtain Defendant's identity likely would outweigh Plaintiff's need for expedited discovery. Id. (citations omitted). The Court must therefore endeavor to fashion a remedy that will adequately protect all parties' rights. See In re BitTorrent Adult Film Copyright Infringement Cases, 2012 WL 1570765, *1, *13.

**THEREFORE, and based upon the above, it is on this 9th day of April 2019**,

**ORDERED** that, Plaintiff's motion for expedited discovery is **granted**; and it is further

**ORDERED** that, Plaintiff may serve a subpoena pursuant to Fed. R. Civ. P. 45 on the internet service provider that provided internet service to Defendant John Doe subscriber assigned IP address 173.70.50.3; and it is further

**ORDERED** that, the subpoena may only seek the **name** and **address** of the account holder of such IP address; and it is further

**ORDERED** that, Plaintiff shall attach a copy of this Order to the subpoena served; and it is further

**ORDERED** that, any information obtained from the internet service provider shall be used only for purposes of this litigation and the Plaintiff shall provide copies of the responsive information to Defendant who enters an appearance in this case; and it is further

**ORDERED** that, if Plaintiff files an Amended Complaint to identify Defendant by

proper name, Plaintiff shall ensure it has sufficient factual basis for any assertions made.[4]

                                             s/Mark Falk
                                             **MARK FALK**
                                             **United States Magistrate Judge**

---

[4] By permitting this discovery, the Court is not finding that Plaintiff may rely solely on the fact that the person identified as the subscriber is associated with the IP address to prove that such a person engaged in the conduct alleged in Plaintiff's Complaint.